[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2009
THOMAS K. KAHN
CLERK

No. 08-14872
Non-Argument Calendar

_____

Agency Nos. A095-537-426, A095-537-427

XIMENA CLAVIJO AFANADOR,
JOSE MAURICIO MARTINEZ ANGARITA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 30, 2009)

Before TJOFLAT, DUBINA, and BARKETT, Circuit Judges.

PER CURIAM:

Ximena Clavijo Afanador (Clavijo) and her husband, Jose Mauricio

Martinez Angarita, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals's (BIA) dismissal of their appeal from the Immigration Judge's (IJ) denial of asylum and withholding of removal. They argue that the IJ and BIA incorrectly determined that Clavijo's testimony at the asylum hearing was incredible.

We review the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA wrote a separate opinion that discussed several of the IJ's specific findings and concluded that the IJ had not erred in its adverse credibility determination. Thus, we review the BIA's decision and the underlying reasoning of the IJ. "We will not reverse unless the record compels a contrary conclusion." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1006 (11th Cir. 2008).

Credibility determinations are reviewed under the substantial evidence standard. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). We may not substitute our judgment for that of the factfinder when reviewing credibility findings. Id. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Id. Credible, uncorroborated testimony can be sufficient to satisfy the applicant's burden of proof of eligibility, whereas an adverse credibility determination alone can be sufficient to support a denial of asylum. Ruiz, 440 F.3d

2

at 1255 (quoting Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005)). Once the factfinder has made an adverse credibility determination, the applicant bears the burden of showing that the finding was not supported by specific, cogent reasons or was not based on substantial evidence. Id. (quoting Forgue, 401 F.3d at 1287). If the applicant produces evidence in addition to her otherwise incredible testimony, the factfinder has a duty to review that evidence and may not rely solely on the adverse credibility determination in deciding whether to grant asylum. Id. (quoting Forgue, 401 F.3d at 1287). The weaker the applicant's testimony, the greater the need for corroborating evidence. Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

In upholding the IJ's adverse credibility determination, the BIA specifically relied on Clavijo's failure to mention two key parts of her claim – an attempted or threatened rape and a shooting that resulted in the death of her co-worker – in her asylum application. On appeal, Clavijo's only argument regarding the adverse credibility determination is that she was not given an opportunity to explain this discrepancy. However, this contention is contradicted by the transcript of the asylum hearing, which indicates that Clavijo was asked about the omission of this information to which she responded that it was correct that her asylum application omitted these key events. We also note that the documentary evidence that Clavijo provided in support of her asylum claim did not provide information to corroborate

3

her claims.  Thus, the BIA's affirmance of the adverse credibility determination is supported by substantial evidence.  The record does not compel the conclusion that Clavijo's testimony was credible.

For the foregoing reasons, we deny the petition for review.

**PETITION DENIED.**